UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

| | |
|---|---|
| DANIEL R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:23-cv-265-TLF <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits ("DIB").

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I.  ISSUE FOR REVIEW

Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony.

II.  BACKGROUND

Plaintiff filed an application for DIB in February 2020, alleging an onset date of August 6, 2019. AR 74–75, 90–91. Plaintiff's application was denied initially and on reconsideration. AR 88, 105. Administrative Law Judge ("ALJ") Lawrence Lee held a hearing on September 9, 2021 (AR 43–72) and issued a decision on November 1, 2021

1

finding plaintiff not disabled. AR 12–42. Plaintiff now seeks judicial review of the ALJ's decision.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.   DISCUSSION

In this case, the ALJ found plaintiff has the following severe impairments: post-traumatic stress disorder; anxiety; depression; cognitive disorder; obesity; irritable bowel syndrome; osteoarthritis of the knees; diabetes mellitus; and asthma. AR 18. After evaluating plaintiff's testimony and the medical evidence, the ALJ assessed that plaintiff has the residual functional capacity ("RFC"), in relevant part, to perform light work and that "[t]he bathroom should be available within one to two minutes." AR 22.

<u>Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony</u>

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and

there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff testified he developed irritable bowel syndrome ("IBS") after undergoing stomach surgery in 2016. AR 56. He explained that on average, he goes to the bathroom eight to 10 times a day.[1] *Id*. Plaintiff contends the ALJ did not properly address his testimony. Dkt. 9 at 1–10. Plaintiff also contends that by failing to properly address his testimony, the ALJ erred in assessing his RFC. *Id*. at 10–13.

Reading the ALJ's entire decision, the ALJ did not disregard plaintiff's testimony, as plaintiff alleges. The ALJ stated he was discounting plaintiff's testimony generally, explaining he found plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms… not entirely consistent with the medical evidence and other evidence in the record." AR 24.

The ALJ then specifically cited treatment notes concerning plaintiff's abdominal pain and reports about frequent bowel movements and explained, "Given these gastrointestinal issues, the undersigned has limited the claimant having availability to a

---

[1] Plaintiff also testified to other symptoms but challenges only the ALJ's evaluation of his IBS. Dkt. 9. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court will therefore only consider the ALJ's evaluation of this portion of plaintiff's testimony.

bathroom within one to two minutes away and indoor work." AR 26. That the ALJ acknowledged plaintiff's IBS, cited records purporting to show improvement with his symptoms, and proposed a limitation addressing those symptoms show the ALJ considered and discounted—but did not disregard—plaintiff's testimony.

And yet, in discounting plaintiff's testimony based on improvement from treatment, the ALJ erred. While symptom improvement is a valid reason to consider, 20 C.F.R. § 404.1529(c)(3), the ALJ's reasoning was not supported by substantial evidence.

The ALJ pointed out that in 2019, plaintiff was prescribed medication for abdominal pain following stomach surgery. AR 26 (citing AR 2239). The records indicate plaintiff's abdominal pain is "associated" with the urge to have a bowel movement, but plaintiff's physician found no definitive cause for his abdominal pain. *See* AR 2097, 2239. But records also show that the following year, plaintiff's symptoms were "unchanged," and he continued to have approximately seven bowel movements each day. AR 2096. Plaintiff's physician noted that even with his medication, his IBS symptoms were "hard to manage." AR 2099.

Plaintiff's physician also noted his IBS as "further complicated by significant mental health disease, including depression and PTSD," further indicating that his condition did not improve from treatment. *See id*. The ALJ pointed out that plaintiff's physician instructed him to increase his medication as needed, but the record does not show whether dosage change led to improvement. *See* AR 26 (citing AR 2099).

The ALJ also generally discounted plaintiff's testimony based on his activities of daily living. An ALJ may discount a claimant's symptom testimony when it is

4

inconsistent with the claimant's general activity level. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ cited plaintiff's ability to drive, complete house chores, and spend time with family. AR 29. However, the record does not show, and the ALJ did not make clear, whether plaintiff was able to do these activities without interruption from his symptoms. As the ALJ did not explain how these activities would necessarily be inconsistent with plaintiff's testimony about his IBS symptoms and need to use the bathroom multiple times, the ALJ erred in discounting plaintiff's testimony.

In sum, the Court disagrees with plaintiff's argument that the ALJ disregarded plaintiff's testimony, given the ALJ provided reasons to discount his statements. But the ALJ erred by discounting plaintiff's testimony when there was not substantial evidence to support the ALJ's reasons, and this error affected plaintiff's RFC, the Court agrees the ALJ's RFC assessment is not supported by substantial evidence. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

Plaintiff also contends that based on the ALJ's erroneous RFC assessment, the Court must remand for an award of benefits. Dkt. 9 at 14–16. Plaintiff points to the ALJ's assessment that he would need one to two minutes to go to the bathroom and explains that if his testimony about needing to use the bathroom eight to 10 times each day were credited as true, he would spend 20 to 40 minutes *going* to the bathroom. *Id*. at 4–8. Further, plaintiff argues, if his time *using* the bathroom was also considered, he would be off task for at least 45 minutes. *See id*. Plaintiff contends this means he is unable to work because during the hearing, the vocational expert testified that being off task for

5

45 minutes in total throughout the day would be job preclusive. *See id*.; AR 69. Plaintiff misconstrues the "credit-as-true" analysis.

When deciding whether to remand for an award of benefits, the Court must first determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014–20 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Further, "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The first step is met here because the ALJ failed to provide a valid reason, supported by substantial evidence, to discount plaintiff's testimony. However, the issue of how a proper evaluation of plaintiff's testimony might have impacted plaintiff's RFC—including the ALJ's finding that plaintiff needs one to two minutes to *go* the bathroom—and how much time it takes for plaintiff to use the bathroom, and how that time affects his ability to work, is an ambiguity in the record, and these are issues the ALJ must resolve. When such outstanding issues remain, the Court "cannot deem the erroneously

disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015).

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. On remand, the ALJ must re-evaluate plaintiff's testimony regarding his IBS, reassess plaintiff's RFC, and proceed with the rest of the sequential evaluation process. The ALJ may allow plaintiff to provide additional testimony and evidence, as necessary to clarify the record.

Dated this 28th day of February, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge